UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────

JOSEPH TRUGLIA,

               *Plaintiff*,

     v.                                  **ORDER**

TRANSUNION (OF DELAWARE) LLC,      19 Civ. 5902 (ER)

               *Defendant*.

───────────────────────────────────────────

RAMOS, D.J.

     On May 24, 2019, *pro se* Plaintiff Joseph Truglia filed a complaint against, among others, Defendant Transunion (of Delaware) LLC in the Civil Court of the City of New York alleging violation of the Fair Credit Reporting Act. Doc. 1-1. Transunion subsequently removed the matter to this Court on June 24, 2019. Doc. 1. On July 1, 2019, Transunion answered. Doc. 6. On July 16, 2019, Plaintiff moved to amend the complaint. Doc. 7. On January 19, 2021, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute and warned that "[f]ailure to comply with Court orders may result in sanctions, including dismissal for failure to prosecute under Rule 41(b)." Doc. 18. By letter dated February 17, 2021, Plaintiff responded that he was awaiting the Court's decision on his request to amend the complaint and wished to proceed against Transunion as the sole defendant. Doc. 19. On March 3, 2021, the Court granted Plaintiff's request to amend the complaint. Doc. 20. On May 11, 2021, the Court scheduled an initial telephonic case management conference for May 25, 2021 and mailed notice of the initial conference to Plaintiff.[1] Doc. 25. At the

---

[1] The Court had previously scheduled an initial case management conference for May 11, 2021, but it does not appear from the record that notice was mailed to Plaintiff. Doc. 22. The Court therefore rescheduled the conference to May 25, 2021. Doc. 25.

conference on May 25, 2021, counsel for Transunion appeared, and Plaintiff did not appear. On May 26, 2021, the Court ordered the parties to appear telephonically on June 15, 2021, so that Plaintiff might show cause why the Court should not dismiss this case for failure to prosecute. Doc. 27. The Court warned Plaintiff that failure to comply with Court orders could result in dismissal for failure to prosecute. *Id.* The Clerk of Court mailed a copy of the order to Plaintiff. *Id.* At the telephonic conference on June 15, 2021, Plaintiff again failed to appear. There has been no communication from Plaintiff since his letter dated February 17, 2021. Doc. 19. For the reasons set forth below, the Court now dismisses Plaintiff's action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

I. **Standard**

  Courts evaluating dismissal under Rule 41(b) must consider

  (1) the duration of the plaintiff's failures,
  (2) whether plaintiff had received notice that further delays would result in dismissal,
  (3) whether the defendant is likely to be prejudiced by further delay,
  (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and
  (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

II. **Discussion**

  In the instant case, each *LeSane* factor weighs in favor of dismissal. *First*, Plaintiff has not communicated with the Court nor responded to any of the Court's orders since his letter dated February 17, 2021. Plaintiff submitted that letter in response to the Court's prior order to show cause why the case should not be dismissed for failure to prosecute, given that Plaintiff had

taken no action to move the case forward since May 20, 2020, at which time he had filed a stipulation of dismissal of his claims against prior defendant Equifax Information Services. Docs. 18, 19.  Thus, Plaintiff has not taken meaningful action to prosecute this case in over a year.  "A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b).  *Salem v. City of New York*, No. 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (citation omitted).

*Second*, Plaintiff was given clear notice that failure to respond to Court orders could result in dismissal.  The Court specifically warned Plaintiff, twice, that "[f]ailure to comply with the Court's order could result in sanctions, including dismissal for failure to prosecute."  Docs. 18, 27.  Both orders, along with notice of the initial case management conference, were mailed to Plaintiff at the address he provided to the Court.  Docs. 12, 18, 25, 27.

*Third*, "prejudice to defendants resulting from unreasonable delay may be presumed." *LeSane*, 239 F.3d at 210.  Because Plaintiff has failed to advance his case for the last thirteen months, the Court perceives no circumstances rebutting this presumption.  Moreover, Transunion has twice had to appear at conferences before the Court, only for Plaintiff not to appear.

*Fourth*, Plaintiff has not taken advantage of his "right to due process and a fair chance to be heard."  *LeSane*, 239 F.3d at 209.  "[I]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts."  *Honsaker v. The City of New York*, No. 16 Civ. 3217 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) (quoting *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000)).

*Fifth*, because Plaintiff has ignored two Court orders, failed to appear at two conferences, and delayed this case for several months, there are no weaker sanctions that could remedy his failure to prosecute this case.  Dismissal is appropriate where, as here, Plaintiff "appears to have

3

abandoned the litigation." *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020); *McNair v. Ponte*, No. 17 Civ. 2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective).

For all these reasons, the Court dismisses Plaintiff's case with prejudice. The Clerk of Court is respectfully directed to close the case. The Clerk of Court is further respectfully directed to mail a copy of this order to Plaintiff at

> Joseph Truglia
> 1759 Raleigh Court West, Apt. 91A
> Ocean, NJ 07712

It is SO ORDERED.

Dated: June 16, 2021
      New York, New York

_____
Edgardo Ramos, U.S.D.J.